ROBERT B. ENGESSER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Engesser v. Commissioner
Docket No. 18509-91
United States Tax Court
T.C. Memo 1993-462; 1993 Tax Ct. Memo LEXIS 473; 66 T.C.M. (CCH) 985; October 4, 1993, Filed *473 Decision will be entered for respondent showing a deficiency in the amount of $ 10,022 and additions to tax under sections 6651(a) and 6653(a)(1) in the respective amounts of $ 833.25 and $ 510.10. For petitioner: Andrew R. Sebok. For respondent: T. Keith Fogg. POWELL
POWELL
MEMORANDUM OPINION POWELL, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency and additions to tax under sections 6651(a) and 6653(a)(1) for petitioner's 1988 taxable year in the amounts of $ 7,270, $ 145 and $ 364. [2]
*474 Petitioner filed a timely petition with this Court. At the time the petition was filed petitioner resided in Virginia Beach, Virginia. The facts, as we understand them, are as follows. Petitioner is a retired colonel from the United States Marine Corps. Since 1982, petitioner has refused to file Federal income tax returns. Apparently, every year since 1982, respondent has reconstructed petitioner's income from third party records, and, after meetings and discussions, the amount of the liabilities would be settled. For 1988, at least up to a point, this procedure was followed. Respondent determined that petitioner had the following income in 1988: Marine Corps
$ 44,647
Interest Income
855
Taxable Social Security
3,773
Respondent treated petitioner's filing status as married filing jointly and allowed exemptions and a standard deduction for the joint return status. This constituted the basis for the notice of deficiency. Petitioner filed a petition for the taxable years 1986, 1987, and 1988. The petition states: ALL OF THESE TAX YEARS HAD BEEN PREVIOUSLY ADJUSTED VIA MEETINGS W/IRS PERSONNEL IN NORFOLK, VA. THE ABOVE REFERENCED NOTICES OF DEFICIENCY DO *475 NOT REFLECT THE AGREED TO ADJUSTMENT
The Court dismissed the taxable years 1986 and 1987 for lack of jurisdiction on the ground that the petition with respect to those years was untimely and the matter came on for trial with respect to the 1988 taxable year. At trial, petitioner's counsel made the following statement: Mr. Sebok: The basic thrust of * * * Mr. Engesser's problems or his perceived problems with the Respondent, it [sic] is that Respondent's records have been inadequate with regard to what they [sic] are trying to keep track of him with. In all tax years, Mr. Engesser did not file returns and the Respondent did. However, each -- in all tax years, there have been serious mistakes in those returns, * * *. * * * * Mr. Sebok: I think the point would be that, if they [sic] are going to file one [a return] for him, that the numbers that they [sic] use should be accurate.
Apparently the difficulty or inaccuracy with the 1988 return prepared by respondent was that, in computing the tax, it was determined that petitioner was entitled to file as married filing jointly. Petitioner insists, however, that the computation and the standard deduction should be based *476 on a filing status of single. Petitioner recognizes that, if the single filing status is used, his tax liability will be higher. Compare section 1(a) with section 1(c) and section 63(c)(2)(A) with section 63(c)(2)(C). While in the notice of deficiency the joint filing status was used, respondent does not object to petitioner using the single filing status and lodged with the Court a computation reflecting that filing status. Since there is no dispute as to the amount of income, the deductions, and the additions to tax a decision will be entered based on a single filing status. We note in closing that petitioner seems to have the idea that he can use this Court as a forum to express his displeasure with the internal revenue laws. [3] He is, of course, free to express his views; he is not free, however, to use this Court as a captive audience. We strongly suggest that in the future both petitioner and his counsel examine, and heed, the provisions of section 6673 and Rule 33(b). *477 Decision will be entered for respondent showing a deficiency in the amount of $ 10,022 and additions to tax under sections 6651(a) and 6653(a)(1) in the respective amounts of $ 833.25 and $ 510.10. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. As discussed, infra↩, this case is peculiar because petitioner contends that the deficiency should be higher. In determining jurisdiction under sec. 7443A(b)(3), neither the deficiency nor the additions to tax was placed in dispute. Accordingly, even though the deficiency and the additions to tax determined may exceed $ 10,000, sec. 7443A(b)(3) still controls.
3. Petitioner's argument that he is not required to file a tax return is frivolous. See sec. 6012(a). There is nothing in , that provides a basis for the position that petitioner is not required to file a tax return. Furthermore, when a taxpayer does not file a return, he or she is in a particularly poor position to complain about respondent's reconstruction of income, and no "mathematical exactitude" is required of respondent. .↩